UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY One Nationwide Plaza Columbus, Ohio  43215-2226 | ) ) ) ) |
| Plaintiff | ) ) ) |
| v. | ) ) |
| JAQUELINE HUTCHESON 5917 Woodhaven Court Virginia Beach, Virginia  23464-2011 | ) ) ) ) |
| Defendant | ) ) ) |

Case No. _____

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Nationwide Property and Casualty Insurance Company ("Plaintiff" or "Nationwide"), by counsel, pursuant to 28 U.S.C. § 2201, Rule 57 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Eastern District of Virginia, states as follows for its Complaint for Declaratory Judgment against the Defendant, Jacqueline Hutcheson ("Mrs. Hutcheson" or the "Defendant").

## PARTIES

1.     Plaintiff Nationwide is an insurance company, organized and existing under the laws of the State of Ohio, with its principal place of business located in Columbus, Ohio. Nationwide, therefore, a citizen of the State of Ohio, and is not a citizen of Virginia. Nationwide submits itself to the jurisdiction of this Court.

2.     Defendant Jacqueline Hutcheson ("Ms. Hutcheson") is natural person who at all relevant times was of the age of majority, who is *sui juris*, who is not a member of the Armed

Forces of the United States on active duty, and resided at 5917 Woodhaven Court, Virginia Beach, Virginia, 23464-2011.  Ms. Hutcheson, therefore, is a citizen of the Commonwealth of Virginia.

3.     Jacqueline Hutcheson is a necessary party to this action because she is the insured who seeks liability insurance coverage for the claims and causes of action hereinafter described.

4.     All necessary and indispensable parties to this adjudication have been properly joined herein.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.     The venue of this action is properly predicated on 28 U.S.C. § 1391, 28 U.S.C. §127, and Rule 3 of the Local Rules of the United States District Court for the Eastern District of Virginia, in that jurisdiction is founded on diversity of citizenship and this action is brought in the judicial district and division in which the Defendants resides, and/or in which the Defendant is subject to personal jurisdiction, including the delivery of the Homeowners Policy (described below) to the named insureds' address on the Homeowners Policy, 5917 Woodhaven Court, Virginia Beach, Virginia, 23464-2011.

## THE INSURANCE CONTRACT

7.     Nationwide issued a contract of homeowners insurance to Jacqueline and Ray Hutcheson as the named insureds, bearing policy number 5345 HO 717803, effective from November 15, 2017, through November 15, 2018 (the "Homeowners Policy").

8.     A true, accurate, and certified copy of the Homeowners Policy is attached as **Exhibit 1** and is incorporated by referenced as if fully restated herein.

9.      The Homeowners Policy provides liability insurance coverage pursuant to the terms conditions, limitations, exclusions, definitions, and other provisions of the Homeowners Policy.

10.     The Homeowners Policy provides such liability insurance coverage subject to the policy limits of Five Hundred Thousand Dollars ($500,000.00).  See **Exhibit 1**, Declarations, p. 2 of 4.

11.     There are no other insurance policies issued or written by Nationwide, or any affiliate insurance carrier of Nationwide, that could afford insurance coverage or benefits to the Defendant for the claims and causes of action hereinafter described, other than the Homeowners Policy at issue.

## THE UNDERLYING CLAIM AND CIVIL ACTION

12.     It is alleged that between 5:00 p.m. to 5:30 p.m. on or about October 18, 2018, Nava Cooke, who was at that time believed to be three years of age and a minor child, incurred injuries when she was bitten by a dog owned by Defendant Ms. Hutcheson (the "Dog Bite").  It is alleged the aforedescribed incident was the result of the failure of Ms. Hutcheson to properly restrain and control the dog; her failure to maintain her business premises in a reasonably safe condition for Nava Cooke's use; and other acts or omissions of negligence.

13.     The Dog Bite occurred when Ms. Hutcheson brought the dog into Ms. Hutcheson's place of business, Greenbrier Florist, located at 1813 Greenbrier Parkway in Norfolk, Virginia, and while Mrs. Hutcheson was on the property for business purposes.

14.     Miss Cooke's mother, Talanda Kennedy ("Ms. Kennedy"), had been employed by Ms. Hutcheson and Greenbrier Florist for approximately five years prior to the Dog Bite.

15.     On or about April 21, 2020, Nationwide was notified of the October 18, 2018 Dog Bite by Attorney Lawrence Land of the Law Offices of Lawrence Land, who was acting as the

legal representatives of Nava Cooke regarding her claim against Ms. Hutcheson arising out of the Dog Bite.

16.     The first notice provided to Nationwide of the events of October 18, 2018 Dog Bite occurred on April 21, 2020.

<u>**First Request for Declaratory Relief**</u>
**Late Notice**

17.      The preceding and following paragraphs of this Complaint for Declaratory Judgment are incorporated by reference as if fully restated herein.

18.     *The Liability Conditions (Section II, paragraph 3.a),* page J1 of the Nationwide Policy, requires Defendant Ms. Hutcheson to give notice to Nationwide as soon as practicable in case of an occurrence, and that requirement is a condition precedent to coverage under the Nationwide Policy.  See **Exhibit 1.**

19.     The Dog Bite occurred on or about October 18, 2018.

20.     Defendant Ms. Hutcheson was present when the Dog Bite occurred and had actual notice of the Dog Bite at the time it occurred, and knew Nava Cooke had sustained injuries and would require medical care.

21.     The first notice provided to Nationwide by of the Dog Bite, or on behalf of Defendant Ms. Hutcheson or any other person or party, took place on or about April 21, 2020.

22.     The Defendant, Ms. Hutcheson, failed to comply with the Liability Conditions of the Policy by failing to so notify Nationwide of the Dog Bite, and Nationwide was not notified until on or about April 21, 2020, of the Dog Bite that occurred on or about October 18, 2018.

23.     Nationwide has been called upon under Nationwide Policy to provide indemnification to Defendant Ms. Hutcheson in connection with the Dog Bite to Nava Cooke, and pay any claims judgments or compromises that might be rendered against Ms. Hutcheson for

bodily injuries and resulting damages sustained by, or for, Nava Cooke resulting from the Dog Bite.

24.     Nationwide has been, and continues, to investigate the Dog Bite under a complete reservation of rights.

25.     Therefore, there exists an actual controversy and dispute between the parties hereto involving the obligation of Nationwide to defend and be liable for damages claimed by Nava Cooke and arising out of the Dog Bite.

26.     Nationwide denies that it has any obligation to provide insurance coverage for the claims and any causes of action asserted by, or that may be asserted by or for, Nava Cooke, under the Nationwide Insurance Policy on the ground that the Defendant Ms. Hutcheson failed to comply with the condition precedent to coverage under the policy requiring them to give notice to Nationwide as soon as practicable in case of an occurrence, by failing to so notify Nationwide until on or about April 21, 2020 of the events of October 18, 2018 Dog Bite.

<u>**Second Request for Declaratory Relief**</u>
**No Coverage For Business Liability**

27.      The preceding and following paragraphs of this Complaint for Declaratory Judgment are incorporated by reference as if fully restated herein.

28.     *The Liability Exclusions (Section II, paragraph b)),* page H1 of the Nationwide Policy, provides that Coverage E - Personal Liability and Coverage F – Medical Payments to Others Coverage "do not apply to bodily injury or property damage: … b) arising out of the business pursuits of an Insured.  See **Exhibit 1.**

29.     The Dog Bite arose out of the business pursuits of Defendant Ms. Hutcheson on the premises of her business, Greenbrier Florist.

30.     Mrs. Kennedy, Nava Cooke's mother, was an employee of Greenbrier Florist

and/or Mrs. Hutcheson prior to and on the date and time that the Dog Bite occurred.

31.     At the time the Dog Bite occurred, Ms. Hutcheson was at her place of business, Greenbrier Florist, located at 1813 Greenbrier Parkway in Norfolk, Virginia, for a business purpose.

32.     Nationwide denies that it has any obligation to provide insurance coverage for the claims and any causes of action asserted by, or that may be asserted by or for, Nava Cooke, under the Nationwide Insurance Policy on the ground that the Dog Bite arose out of the business pursuits and on the business premises of Defendant Ms. Hutcheson and/or her business, Greenbrier Florist.

## **Jury Demand**

29.     Nationwide hereby demands a trial by jury.

WHEREFORE, having set forth the grounds for its Complaint for Declaratory Judgment, Nationwide prays as follows:

A.      That is Court finds it has jurisdiction to issue declaratory judgment as to the rights and obligations of the parties hereto; that it find that venue is proper in this Court for the adjudication of the rights and obligations of the parties as to the Nationwide Policy; and that it find that all necessary and essential parties have been properly joined herein; and

B.      That this Court finds the Nationwide Policy was issued to Defendant Ms. Hutcheson as a Named Insured, and the policy was effective for the period from November 15, 2017, through November 15, 2018; and

C.      That this Court finds the Nationwide Insurance Policy is the only policy of insurance written or issued by Nationwide, or its affiliates, that could afford coverage to or for the Defendant Ms. Hutcheson for the claims and causes of action arising, either directly or indirectly, out of the Dog Bite; and

D.      That this Court finds the terms and conditions of the Nationwide Insurance Policy required the Defendant to give notice as soon as practicable of the Dog Bite when it occurred on or about October 18, 2018, and that such notice is a condition precedent to coverage; and

E.      That this Court finds the Defendant Ms. Hutcheson was aware of the Dog Bite on or about October 18, 2018 when it allegedly occurred, and knew Nava Cooke had sustained injuries and would require medical care; and

F.      That this Court finds the first notice of the Dog Bite provided to Nationwide by, or on behalf of the Defendant Mrs. Hutcheson, or from any other source, on or about April 21, 2020; and

G.      That this Court finds the Defendant failed to notify Nationwide as soon as practicable of the Dog Bite; that the failure of the Defendant to provide notice to Nationwide as soon as practicable violated the terms and conditions of the Nationwide Policy; that the violation of the terms and conditions of the Nationwide Policy constituted a material breach of contract by the Defendant Ms. Hutcheson; that as a result Nationwide does not owe insurance coverage or benefits to, or for the Defendant Ms. Hutcheson for claims or causes of action related, either directly or indirectly, to the Dog Bite; and

H.      That this Court finds the claims and causes of action arising out of the Dog Bite arose out of the business pursuits of the named insured, Defendant Ms. Hutcheson; that claims arising out of business pursuits of Ms. Hutcheson were excluded from coverage under the Nationwide Policy of Insurance; and that as a result Nationwide does not owe insurance coverage or benefits to, or for the Defendant Ms. Hutcheson for claims or causes of action related, either directly or indirectly, to the Dog Bite; and

I.      That this Court finds the Nationwide Policy of Insurance does not afford coverage

for any claims or causes of action asserted by or against the Defendant Ms. Hutcheson, either directly or indirectly, arising out of the Dog Bite; and

J.      That this Court declares Nationwide has no obligation to provide insurance coverage or benefits to or for the Defendant Ms. Hutcheson, or to pay any judgments, settlements or claims arising, either directly or indirectly, out of the Dog Bite; and

K.      That this Court enters an Order incorporating all of the above described findings of fact and conclusions of law; and

L.      That this Court grants to Nationwide such further relief as it might deem appropriate.

NATIONWIDE PROPERTY & CASUALTY
INSURANCE COMPANY

By Counsel

_____*/s/ Daniel L. Robey*_____
Daniel L. Robey, Esquire
Virginia Bar Number: 15531
MIDKIFF, MUNCIE & ROSS, P.C.
10461 White Granite Drive, Suite 225
Oakton, Virginia 22124
Telephone: (703) 938-5989
Facsimile: (703) 938-5980
Email: drobey@midkifflaw.com
Counsel for Nationwide Property & Casualty Insurance Company